NEW YORK LIFE INS. CO. (DUTTON v.). See Case No. 4,211.

NEW YORK LIFE INS. CO. (ENSWORTH v.). See Case No. 4,496.

NEW YORK LIFE INS. CO. (HANCOCK v.). See Case No. 6,011.

NEW YORK LIFE INS. CO. (MOREY v.). See Case No. 9,795.

NEW YORK LIFE INS. CO. (OWEN v.). See Case No. 10,631.

NEW YORK LIFE INS. CO. (TAIT v.). See Case No. 13,726.

## Case No. 10,208.

In re NEW YORK MAIL STEAMSHIP CO.

[7 Blatchf. 178; 1 3 N. B. R. 627 (Quarto, 155); 3 N. B. R. 756 (Quarto, 185).]

Circuit Court, S. D. New York. March 19, 1870.

INVOLUNTARY BANKRUPTCY—ALLOWANCE OF COUNSEL FEE TO CREDITOR.

Where, as the result of proceedings in involuntary bankruptcy, a large amount of property was in the hands of the assignee subject to distribution to creditors, this court allowed to the petitioning creditor who instituted the proceedings, to be paid out of the fund in the hands of the assignee, a reasonable sum for the expense incurred by him in employing counsel to conduct such proceedings to an adjudication.

[Cited in Re Mead, Case No. 9,364; Re Cook, 17 Fed. 330.]

[In bankruptcy.]

James Emott, for the application.

WOODRUFF, Circuit Judge. The petition of the National Bank of the Commonwealth in this proceeding having been presented to the district court of this district, and the district judge, as a stockholder in the said bank, being concerned in interest, the proceeding has been certified to this court, pursuant to section 11 of the act of May 8, 1792 (1 Stat. 278, 279).

This petitioner was the petitioning creditor upon whose application the above-named debtor was decreed bankrupt. In the proceeding, the property of the debtor was protected for the benefit of creditors, an adjudication declaring the debtor bankrupt was had, an assignee was appointed, and a large amount of property came to, and is now in the hands of, such assignee, subject to distribution to creditors. For the institution and conduct of those proceedings the petitioning creditor was obliged to and did employ counsel, and incur the expense of such employment, and the amount of such expense is

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

shown to have been reasonable. Such petitioning creditor now asks, in substance, that, in making distribution of the fund in the hands of the assignee, this expense, incurred for the common benefit, shall be charged on the fund, so that, practically, the creditors who come in to share the benefit of the decree in bankruptcy, and the fruits thereof, may share also in the said expense of procuring them.

The mere statement of the application shows the eminent justice and equity of the relief sought. No reason can possibly be suggested why this petitioning creditor should pay these expenses without chance of reimbursement, and thereby, to this extent, lose, for the greater advantage of the other creditors, the benefit of the proceeding. Independently of any adjudications already had upon the subject, I should say that the principles governing a court of equity in dealing with a fund brought within its jurisdiction for the purpose of distribution, or in lending its advisory aid for the purpose of guiding or controlling the administration of such a fund, sanction the allowance of this expense; and yet there, as truly as in proceedings in bankruptcy, the ordinary fee bill providing for taxable costs does not provide for it.

I concur in the conclusion of several of the district judges who have passed upon the question; and the sanction of those decisions by Chief Justice Chase renders extended discussion unnecessary. In re Williams [Case No. 17,704]; Ex parte Jaffray [Id. 7,170]; In re Schwab [Id. 12,498]; Ex parte Plitt [Id. 11,228]; In re Mitteldorfer [Id. 9,675]. Such allowances should be guarded by the most cautious regard for the rights and interests of the creditors at large, lest, under the form of necessary expenses, undue liberality to counsel should be sanctioned, in reduction of the fund; and, if there was any suggestion, in this case, that the charge was in any degree unreasonable, I should deem it proper, by a reference or otherwise, to cause further enquiry to be made.

Let an order be entered directing the allowance, to the petitioning creditor, of the expense of counsel, as prayed for, being the expense in conducting the proceedings to an adjudication.

[See Cases Nos. 10,209–10,212.]